**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Junior Haskell CORDLE, Defendant-Appellant.**

**No. 17384.**

United States Court of Appeals Sixth Circuit.

May 23, 1967.

Lowell T. Hughes (Court Appointed), Ashland, Ky., for appellant.

James F. Cook, Asst. U. S. Atty., Lexington, Ky., for appellee, George I. Cline, U. S. Atty., Lexington, Ky., on brief.

Before PHILLIPS and PECK, Circuit Judges, and McRAE, District Judge.*

PER CURIAM.

Appellant was convicted of robbing a bank at Blaine, Kentucky, on his plea of not guilty. Two accomplices entered pleas of guilty and testified that appellant also participated in the robbery. Another witness, Clarence Elmer Marcum, testified that appellant admitted to him a few days after the robbery that he (appellant) and one of the named accomplices had committed the robbery.

The present appeal is from the action of the district judge, the Honorable Bernard T. Moynahan, Jr., in refusing to grant a new trial on grounds of newly discovered evidence. The newly discovered evidence now relied upon is to the effect that there are certain contradictions and discrepancies in the testimony of the witness Marcum and alleged hostility on the part of this witness against appellant.

It is well settled that the granting or refusing of a new trial upon newly discovered impeaching evidence, including recantation by a witness, rests in the sound discretion of the trial judge and will not be granted unless the "new" evidence probably would bring about a different result. In the absence of a clear showing of abuse of discretion in determining the probable effect of the newly discovered evidence in changing the result of a trial, the action of the trial judge will not be disturbed on appeal. United States v. Lewis, 338 F.2d 137, 139 (C.A. 6), cert. denied, 380 U.S. 978, 85 S.Ct. 1342, 14 L. Ed.2d 272, and the cases therein cited.

In refusing to grant a new trial, Judge Moynahan said:

"The Judge of this Court presided at the trial of this case. The evidence with regard to the defendant's guilt on the charge, in the opinion of the Court, was overwhelming. The Court made every effort to procure for the defendant every witness that he requested, and also procured for him on the two hearings that are assigned here every witness that he has requested.

"The charge is made in the motion and grounds for a new trial upon the basis of newly discovered evidence that the Government knowingly and wilfully used false and perjured testimony against the defendant at his trial; that the Government knowingly and wilfully suppressed evidence which was materially favorable to the defendant; that the Government knowingly and wilfully failed to produce witnesses

---

* The Honorable Robert M. McRae, Judge of the United States District Court for the Western District of Tennessee, sitting by designation.

subpoenaed for and in behalf of the defendant. There is not one scintilla to support any charge of that character. This trial took about five days and there were some thirty or forty or fifty witnesses. Many items of circumstantial evidence were introduced. In addition to that, the two co-defendants testified from the witness stand and positively testified that the defendant participated with them in the robbery, identified him as such. There was strong circumstantial evidence to support the charge."

We conclude that the district judge did not abuse his discretion in refusing to grant a new trial on grounds of newly discovered evidence.

Affirmed.