**Junior Haskell CORDLE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 17487.

United States Court of Appeals
Sixth Circuit.

Dec. 1, 1967.

Lowell T. Hughes, Ashland, Ky., for appellant.

James F. Cook, Lexington, Ky., George I. Cline, U. S. Atty., James F. Cook, Asst. U. S. Atty., Lexington, Ky., on the brief, for appellee.

Before WEICK, Chief Judge, and CELEBREZZE and COMBS, Circuit Judges.

PER CURIAM.

On February 2, 1965, Petitioner was convicted of bank robbery in the United States District Court for the Eastern District of Kentucky. On July 17, 1965, the Petitioner filed this motion to vacate the judgment in that trial under 28 U.S.C. § 2255 alleging that he was incompetent at the time of his trial and that he had been deprived of his right to appeal. The District Court overruled the motion and from that judgment this appeal was taken.

To support his contention that he was incompetent to stand trial, Petitioner produced copious evidence showing a long history of illness, suicide attempts, and head injuries. In addition he testified that he was under the influence of narcotics at the time of the trial and produced evidence that he was given medicine for a heart condition all during his tenure in the county jail during the trial. To rebut this evidence the District Court had before it the testimony of the counsel appointed to defend Petitioner at his trial that the Petitioner participated fully and knowledgeably in the defense of his case and the Court's own recollection that the Petitioner participated fully in his defense. Also a psychiatrist from St. Elizabeth's Hospital in Washington, D. C., who had examined the Petitioner at the request of the Government some two months before the trial, testified that, in his opinion, at the time of the examination the Petitioner was able to understand the nature of the charge against him and to assist in his defense. Therefore, we find that the District Court's rejection of this contention was supported by the evidence.

Petitioner's second contention presents a more troublesome question. His allegation that his appointed counsel deceived him into believing that they were filing an appeal is not supported by any evidence. Nevertheless, we are still

faced with the problem of determining whether the Petitioner knowingly and intelligently waived his right to appeal. In the federal courts a convicted criminal defendant has an appeal as of right. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). But to preserve that right he must file a notice of appeal within ten days of judgment. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). On this issue the District Court found that the Petitioner knew that he had a right to appeal and knew that he had only ten days within which to perfect that right. We cannot say that those findings were clearly erroneous, and given those findings, it seems clear that the Petitioner's delay of over four months before instituting this action was a waiver of his right to appeal.

The judgment of the District Court is affirmed.