**Junior Haskell CORDLE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 1056.**

United States District Court, E. D. Kentucky, Catlettsburg Division.

June 22, 1972.

Junior Haskell Cordle, pro se.

Eugene Siler, U. S. Atty., Lexington, Ky., for respondent.

## MEMORANDUM OPINION

HERMANSDORFER, District Judge.

A Motion to Vacate Sentence, 28 U.S.C. § 2255, and a filing which the Court construes as a Motion for an Evidentiary Hearing are considered. Petitioner, Junior Haskell Cordle, was indicted, tried and on February 2, 1965, convicted of a violation of Title 18 U.S.C., Section 2113(a) and (d), robbery of the Bank of Blaine, Blaine, Kentucky, on July 14, 1964. This collateral attack on that conviction is the eighth asserted by Mr. Cordle. We find no basis on which relief can be afforded the Petitioner.

The Petitioner, Ezekiel Canterbury and Chester Lee Simmons were charged with robbery of the Bank of Blaine. The defendants Canterbury and Simmons entered pleas of guilty. The defendant Cordle received a jury trial and was found guilty of the violation charged in the one count indictment. The three defendants were sentenced at the same time. The Court noted at sentencing that the defendants Cordle and Canterbury had prior criminal records. The defendant Simmons had no history of criminal adventure.

This Petition follows the publishing of the opinion in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed. 2d 592 (1972). The Petition is prem-

ised on the fact that the Trial Judge noted from the pre-sentence report on Junior Haskell Cordle that he had prior convictions which Petitioner contends are within the scope of the *Tucker* opinion as being constitutionally invalid on the ground that Petitioner was not represented by counsel at the time he plead guilty in Federal Court in North Carolina in 1937, or at the time of a Kentucky conviction in 1935.

The principal question presented does not go to the Sentencing Judge's noting Petitioner's prior criminal history, but "whether the sentence in the . . . case might have been different if the sentencing judge had known that . . . the respondent's previous convictions had been unconstitutionally obtained." United States v. Tucker, 404 U.S. 443, 448, 92 S.Ct. 589, 592 (1972). Because this review of Petitioner's claim is made by a Court other than the Sentencing Judge, a review was made of all of Petitioner's files on this charge (United States v. Junior Haskell Cordle, et al, Criminal No. 10,542; Junior Haskell Cordle v. United States, Civil Nos. 708, 722, 864, 923, 947 as well as the instant petition, Civil No. 1056. Considered also were United States v. Cordle, 377 F.2d 522; Cordle v. United States, 386 F.2d 157 and Cordle v. United States, unreported, 19,747.) Material to this determination also is the Memorandum Order of the United States District Court for the Middle District of North Carolina, No. C–173–R–70, issued by Chief Judge Gordon on May 4, 1972, denying a Motion treated as a Petition for a Writ of Coram Nobis seeking vacation of the conviction of Junior Haskell Cordle in that Court in 1937.

The Court has determined that no grounds exist for the granting of an evidentiary hearing in this matter. Considering Petitioner's claim as if the prior convictions recited by the Sentencing Court were constitutionally invalid, the record is manifestly clear that the Sentencing Judge was not swayed by Petitioner's pre-sentence report (which we have not seen), and that the Petitioner was not the object of any conscious or unconscious bias reflected in the sentence imposed.

The robbery of the Bank of Blaine, Kentucky on July 14, 1964, on the cold records reviewed, was a result of a necessary conspiracy on the part of the two persons who entered the bank and the one person remaining in the getaway car. The jury found that those persons were Cordle, Canterbury and Simmons. The inescapable conclusion is that Cordle was the ringleader and the prime moving force in the planning and accomplishment of the crime. This pistol and sawed-off shotgun bank robbery was a well-planned and efficiently executed violation of Title 18, Section 2113(a) and (d). The maximum penalty for the more serious offense, 2113(d), is a fine of $10,000 or imprisonment for 25 years, or both. The penalty imposed on all three defendants was 20 years imprisonment.[1] Giving full consideration to the letter and spirit of the Tucker opinion, this Court does not see any basis for believing that the sentence imposed "might have been different" had the prior convictions either been ignored or had they not existed at all. In Demetre v. United States, decided June 16, 1972, 461 F.2d 971 (6th C.C.A.), the Court noted: "While the validity of the sentences is not here involved, we mentioned that they appear to be nicely commensurated to the appellants' respective involvements in the illegal enterprise". The imposition of sentences of 20 years,

1. Upon request and recommendations made by prison officials, the sentence of Chester Lee Simmons was reduced to 15 years. For this motion, however, this fact is not deemed material since (1) it was a post-sentence review; (2) not initiated by the Trial Judge; and (3) not premised on lack of prior criminal record per se. It was rather a considered review based on facts presented by prison authorities not available at the time of sentencing. Apparently, no such recommendations were made on behalf of Canterbury or Cordle.

under the facts evidenced by the records, on the Petitioner and his associates also "appear to be nicely commensurated" to the three defendants and, if anything, favored this Petitioner as to whom, on the record, the maximum penalty might have been imposed.

Petitioner's allegation that the sentence imposed upon him in 1937 in the United States District Court for the Middle District of North Carolina was constitutionally defective was rebuked after an evidentiary hearing by that Court. The Court wrote, after reviewing the facts and authorities:

> "Accordingly, the Court finds that it was the practice of Judge Haynes to inform defendants of all their rights and particularly their right to counsel and to appoint counsel if the defendant so desires. The Court further finds that Junior Haskell Cordell [sic] has failed to carry the burden of proving that Judge Haynes did not follow this practice at the time the petitioner entered his plea of guilty. The Court therefore concludes that the petitioner was not denied any of his constitutional rights at the 1937 proceeding and his motion to vacate and set aside the sentence which the Court has treated as a petition for a writ of coram nobis is hereby denied."

The sentence imposed by Judge Haynes on March 1, 1937, pertained to two alleged violations of the National Motor Vehicle Theft Act. The concurrent sentences imposed were three and two years respectively. After an escape, additional time was imposed. Also in issue is a 1935, Kentucky conviction for storehouse breaking. Petitioner received a year and a day sentence. If there is room in this case for an allegation of possible bias or sentencing "imposed with tainted consideration derived from prior constitutionally invalid convictions" it must stand on this state conviction handed down 30 years before sentencing in the instant case.

Having determined that the sentence given Petitioner was clearly warranted from the records reviewed and having considered the imposition of like sentences on all three defendants involved in the charge of bank robbery, it is concluded that consideration of the sentence in the Lawrence Circuit Court of Kentucky in 1935, did not raise any spectre in the sentencing proceeding of this Petitioner from which, on any basis, one might suppose the sentence imposed might have been different had the arguably defective Kentucky conviction not been brought to the attention of the Trial Judge.

We find the amount of sentence imposed on Junior Haskell Cordle for robbery of the Bank of Blaine on July 14, 1964, fully supported by the facts disclosed in the records and that such sentence was not the product of or affected by Petitioner's prior convictions. The standard announced in the *Tucker* opinion was not, in our opinion, offended by the Trial Court. We cannot find on the motions made or by logical extension of the theories set forth in them any questions justifying the taking of further proof on the Motion to Vacate.